```
WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
MARCIA L. MITCHELL, #18122 (WA)
DAVID F. OFFEN-BROWN – #63321 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105-1260
Telephone:  (415) 625-5652
Facsimile: (415) 625-5657
david.offen-brown@eeoc.gov
```

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>        Plaintiff,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br><br>        Defendant.<br>_____ | Civil Action No.<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>**DEMAND FOR JURY TRIAL** |

### NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party David Gallo (Charging Party) who was adversely affected by such practices.  Defendant Wal-Mart Stores, Inc. violated the ADA when it refused to accommodate Charging Party Gallo, a qualified individual with a disability, and discharged him because of his disability.  Defendant Wal-Mart Stores, Inc. also unlawfully retaliated against Charging Party by discharging him because he requested an accommodation and filed a charge of discrimination with Plaintiff Equal Employment

COMPLAINT                                                                                                                           Page 1

1  Opportunity Commission.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a) (the ADA), which incorporates by reference section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in the United States District Court for the Eastern District of California because the unlawful employment practices alleged herein were committed the State of California, in the County of El Dorado, California, within the jurisdiction of the United States District Court for the Eastern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Sacramento Division of this Court as the alleged unlawful practices were and are now being committed in El Dorado County, which is within the jurisdiction of the Sacramento Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (Plaintiff or Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Wal-Mart Stores, Inc. (Defendant or Defendant Wal-Mart), has continually been a Delaware corporation doing business in the State of California and the City of Placerville, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Wal-Mart has continuously been engaged

in an industry affecting commerce under section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. At all relevant times, Defendant Wal-Mart has been a covered entity under section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Violation of Title I of the ADA for Disability Discrimination**

8. More than thirty days prior to the institution of this lawsuit, Charging Party David Gallo (Charging Party) filed charges with Plaintiff Commission alleging violations of Titles I and V of the ADA by Defendant Wal-Mart. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least March 2008, Defendant Wal-Mart has engaged in unlawful employment practices at its Placerville, California facility, in violation of section 102 of Title I of the ADA, 42 U.S.C. § 12112(a). These practices have included but are not limited to failing to accommodate Charging Party Gallo, a qualified employee with a disability, by refusing to allow Charging Party Gallo to park in the handicap parking spaces or in other parking spaces close to his job site as an accommodation, and discharging him because he has a disability.

10. Charging Party Gallo suffers from atrial fibrillation (AF), which causes his heart to beat at irregular intervals, resulting in a lack of breath, diminished strength in his legs, and difficulty in moving his legs and arms concurrently. Mr. Gallo's AF substantially limits him in at least the major life activities of breathing and walking; he therefore has a disability as defined by Title I of the ADA.

11. From at least September 2008 through May 10, 2009, Charging Party was a Tire Lube Express Bay Manager; at all relevant times he was qualified for, able to perform, and performed the essential functions of this position.

12. Since at least March, 2008, Charging Party, to accommodate his AF,

requested to park in the handicap parking spaces or in other parking spaces close to his job site. This accommodation was reasonable, yet Wal-Mart denied it and failed to offer any equally effective accommodation.

13. At all relevant times Charging Party Gallo performed the duties of his position properly, yet on May 10, 2009, Defendant Wal-Mart discharged him because of his disability.

14. The effect of the actions complained of in paragraphs 9, 12, and 13 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

15. The unlawful employment practices complained of in paragraphs 9, 12, and 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 9, 12, and 13 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Title V of the ADA for Retaliation

17. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 12 above as though fully set forth herein.

18. Since at least approximately March 2008 and thereafter when Charging Party was denied accommodation, and continuing to and after May 10, 2009, when Charging Party was discharged, Defendant has engaged in unlawful employment practices in violation of section 503 of Title V of the ADA, 42 U.S.C. § 12203, by taking adverse employment actions, including but not limited to discharging Charging Party from its employment, in unlawful retaliation for his having exercised his right to request reasonable accommodation, and/or because he filed a charge of discrimination with the Commission and participated in the investigation and proceedings of the Commission.

19. Frequently from March 2008 up until September 2008, when Defendant received Charging Party's charge of discrimination, Defendant threatened to fire Charging

Party if he parked in the handicap parking spaces or in other parking spaces in front of the store where he worked which were close to his job site. On September 8, 2008, Charging Party filed a charge of discrimination with the Commission alleging, *inter alia*, that he was threatened with discharge for parking in the handicap parking spaces or in other parking spaces in front of the store. At all relevant times Charging Party Gallo performed the duties of his position properly, yet on May 10, 2009, Defendant Wal-Mart discharged him for his having exercised his right to request reasonable accommodation, and/or because he filed a charge of discrimination with the Commission and participated in the investigation and proceedings of the Commission.

20. The effect of the actions complained of in paragraphs 18 and 19 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

21. The unlawful employment practices complained of in paragraphs 18 and 19 above were intentional.

22. The unlawful employment practices complained of in paragraphs 18 and 19 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from failing to provide reasonable accommodations for employees with disabilities, from discharging employees because of disability, from engaging in any other employment practice which discriminates on the basis of disability; and/or from engaging in unlawful retaliation for requesting reasonable accommodation and/or filing a charge of discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, prevent retaliation and discharge because of disability, and which eradicate the effects of

1  its past and present unlawful employment practices.

2      C.    Order Defendant to make whole Charging Party Gallo by providing
3  appropriate back pay and benefits with prejudgment interest, and other affirmative relief
4  necessary to eradicate the effects of its unlawful employment practices, including but not
5  limited to reinstatement and/or front pay and other appropriate relief to be determined at
6  trial.

7      D.    Order Defendant to make whole Charging Party Gallo by providing
8  compensation for past pecuniary losses resulting from the unlawful employment practices
9  described above, including out-of-pocket medical expenses and costs associated with job
10 search, in an amount to be determined at trial.

11     E.    Order Defendant to make whole Charging Party Gallo by providing
12 compensation for past and future nonpecuniary losses resulting from the unlawful
13 practices complained of above including, but not limited to, emotional pain and suffering,
14 mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to
15 be determined at trial.

16     F.    Order Defendant to pay Charging Party Gallo punitive damages for the
17 malicious and reckless conduct described above, in amounts to be determined at trial.

18     G.    Grant such further relief as the Court may deem just and proper in the public
19 interest.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

//

H.   Award the Commission its costs of this action.

### DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        **Equal Employment Opportunity Commission**
        131 M Street, N.E.
        Washington, DC 20507

Date:   December 15, 2011        /s/ William R. Tamayo
        _____
        WILLIAM R. TAMAYO
        Regional Attorney

Date:   December 15, 2011        /s/ Marcia L. Mitchell
        _____
        MARCIA L. MITCHELL
        Supervisory Trial Attorney

Date:   December 15, 2011        /s/ David F. Offen-Brown
        _____
        DAVID F. OFFEN-BROWN
        Senior Trial Attorney

        **Equal Employment Opportunity Commission**
        San Francisco District Office
        350 The Embarcadero, Suite 500
        San Francisco, CA 94105-1260