UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. 11-CV-03327-JAM-CKD<br><br>[~~PROPOSED~~] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT<br><br>Complaint Filed:   December 15, 2011 |

On May 15, 2013, the Motion for Summary Judgment, or in the alternative, Summary Adjudication of Issues, of Defendant Wal-Mart Stores, Inc.'s ("Defendant") and the Motion for Partial Summary Judgment of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") came on for hearing before this Court, the Honorable John A. Mendez presiding.

Plaintiff appeared and argued through its counsel, David F. Offen-Brown, of the EEOC. Defendant appeared and argued through its counsel, L. Julius M. Turman, of Morgan, Lewis & Bockius LLP.

The Court has considered the parties' papers submitted in support of, and in opposition to, the respective Motions, the record in this case, relevant legal authorities, and oral argument. Based thereon, and for the reasons stated in the Transcript of Proceedings Re: Motion Hearing held on May 15th, 2013 , before Judge John A. Mendez, attached hereto as Exhibit 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                                                   Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

("Transcript"), at 1:12-7:15, 9:8-13:4, 52:16-60:13,

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Partial Summary Judgment is GRANTED and
2. Defendant's Motion for Summary Judgment, or in the alternative, Summary Adjudication of Issues, is GRANTED in part, and DENIED in part.

## BACKGROUND

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff moved for Partial Summary Judgment on two of Defendant's affirmative defenses (Third Affirmative Defense – failure to exhaust conditions precedent to suit; and Fourth Affirmative Defense – failure to mitigate). Defendant moved for Summary Judgment, or in the alternative, Summary Adjudication of Issues, as a matter of law on each of Plaintiff's claims. Plaintiff also objected to and moved to strike evidence of a videotape presented by Wal-Mart in support of its Motion for Summary Judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, the Court may grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir.2005); and *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). The moving party has the burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 242, 248 (1986).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004); *Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir. 2004). The Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002), citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996).

Once the moving party has demonstrated the absence of a genuine issue of material fact, the burden then shifts to the non-moving party. The non-moving party may not rely on the pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002); *Federal Trade Comm'n v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001).

Summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS AND RULING

I. **EVIDENTIARY OBJECTIONS**

A. **General Objections by Both Parties**

The Court OVERRULES all general and vague objections made by the parties on both motions.

B. **Defendant's Specific Objections to Evidence Submitted by Plaintiff**

The Court SUSTAINS Defendant's objection to the admissibility of notes of witness interviews submitted by the EEOC in support of its motion for partial summary judgment on the grounds that they are hearsay and the EEOC has not properly authenticated those notes. *See* Transcript, at 10:2-13:4.

C. **Plaintiff's Specific Objections to Evidence Submitted by Plaintiff**

1. **Plaintiff's Objection to, and Motion to Strike Evidence of, the Videotape For Purposes of Defendant's Motion**

The Parties are unable to agree to a joint interpretation of the Court's ruling on this objection. Therefore, they are submitting two versions for the Court's consideration. They respectfully ask that the Court adopt one of the versions:

1  ~~Plaintiff's Version.~~ [handwritten initials]

2  The Court SUSTAINS Plaintiff's objection to evidence regarding the videotape submitted
3  by Defendant in support of its motion for summary judgment, on the grounds that Defendant had
4  not preserved the videotape. The Court also GRANTS Plaintiff's motion to strike any evidence
5  with respect to the videotape presented by Defendant. *See* Transcript, at 9:11-18.

6  ~~Defendant's Version.~~

7  ~~The Court SUSTAINS Plaintiff's objection to evidence regarding the videotape submitted
8  by Defendant in support of its motion for summary judgment, for purposes of Defendant's motion
9  only, on the grounds that Defendant had not preserved the videotape. The Court also GRANTS
10 Plaintiff's motion to strike any evidence with respect to the videotape presented by Defendant, for
11 purposes of Defendant's motion for summary judgment only. See Transcript, at 9:11-18.~~

12           2.       **Defendant's Objection that Plaintiff's Motion is Untimely.**

13  The Court OVERRULES Defendant's objection that Plaintiff's Motion is untimely on the
14  grounds that, pursuant to Local Rule 230, Plaintiff is allowed to file a counter motion that directly
15  relates to the general subject matter of the original motion. *See* Transcript, at 9:19-23.

16  **II.     DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

17  The Court GRANTS Defendant's request for judicial notice of the reports prepared by the
18  California Employment Development Department ("EDD"). Specifically, the Court takes judicial
19  notice of the fact that: (a) the EDD had issued the reports submitted by Defendant and (b) those
20  reports are public records. *See* Transcript, at 3:20-23.

21  **III.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

22  (A)     The Court GRANTS partial summary judgment to Plaintiff with respect to Wal-
23  Mart's third affirmative defense – failure to exhaust conditions precedent. Both parties have
24  agreed that Plaintiff satisfied all conditions precedent to bringing the claims related to the
25  allegations that (i) Wal-Mart denied David Gallo ("Mr. Gallo")'s request for parking as an
26  accommodation of his alleged disability and (ii) Wal-Mart discriminated and retaliated against
27  Mr. Gallo when it terminated his employment. Wal-Mart, therefore, is precluded from raising an
28  affirmative defense that Plaintiff failed to exhaust conditions precedent to filing suit with respect

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                             Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

to these two claims. Plaintiff has conceded that it is not pursuing any claims related to any other allegation that Wal-Mart has denied Mr. Gallo equal terms and conditions of employment. *See* Transcript, at 4:3-5:16.

(B) The Court GRANTS partial summary judgment to Plaintiff with respect to Wal-Mart's fourth affirmative defense – failure to mitigate. Wal-Mart has not presented sufficient evidence to create a material issue of fact to meet its burden of proving that there were substantially equivalent jobs available that Mr. Gallo could have obtained. The EDD reports submitted by Wal-Mart show only anticipated or projected job openings during the period of 2010 and 2020, but not actual job openings, and Wal-Mart offered no other evidence of available jobs. *See* Transcript, at 5:17-7:19.

IV. **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**

A. <u>Issue No. 1: First Cause of Action (for Failure to Accommodate in violation of the Americans with Disabilities Act ("ADA")) against Defendant: Plaintiff and Gallo's claim fails as a matter of law because they cannot establish Gallo's request for parking was reasonable and effective.</u>

The Court GRANTS summary adjudication to Defendant with respect to Issue No. 1. Specifically, the Court finds that Plaintiff has not presented specific and sufficient evidence to create a genuine issue of material fact that Mr. Gallo's request for parking was reasonable and effective to establish a violation of the Americans with Disabilities Act ("ADA"). Witness statements contained in the EEOC interviewer notes, including the statement of Eve Gillespie, and the EEOC Questionnaire submitted by Mr. Gallo, are inadmissible and, therefore, cannot be used to create a genuine issue of material fact. Mr. Gallo's Declaration is not specific enough and contains inconsistencies and Mr. Souza's deposition testimony on this issue has significant evidentiary problems. *See* Transcript, at 52:16-54:12.

B. <u>Issue No 2: First Cause of Action (for Failure to Accommodate in violation of the Americans with Disabilities Act ("ADA")) against Defendant: Any claim that Mr. Gallo was denied an accommodation other than parking fails as a matter of law because Defendant provided Gallo with reasonable other accommodations throughout his employment with Defendant.</u>

The Court finds that Issue No. 2 is moot or is a non-issue in that the EEOC has conceded that it is not making any claim that Mr. Gallo was denied any accommodation, other than the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

1  request for parking. Therefore, the Court does not need to render a decision on Issue No. 2. *See*
2  Transcript, at 54:13-55:9.

   **C.** Issue No. 3: First Cause of Action (for Disparate Treatment Discrimination in violation of the Americans with Disabilities Act against Defendant: Summary Adjudication concerning Mr. Gallo's termination is denied because genuine issues exist concerning whether Defendant's asserted legitimate non-discriminatory reasons for its action were a pretext for discrimination.

  The Court DENIES summary adjudication on Issue No. 3. The Court finds that the EEOC has presented evidence to create a genuine issue of fact as to whether Mr. Gallo's termination and Wal-Mart's asserted reasons for terminating Mr. Gallo's employment were pretextual. Specifically, the evidence presented by the EEOC serves to create factual issues as to the tire incident, which formed in part the claimed basis for Mr. Gallo's termination. The evidence presented by the EEOC, and admitted by the Court, serves to create factual issues as to whether Mr. Gallo should have been held responsible for the tire incident and, if he was responsible, whether the discipline imposed – termination – was appropriate. Mr. Barvosa testified that, from time to time, he saw problems with technicians not following procedures, yet there was no writing about these problems, including no indication of such problems in evaluations of Mr. Gallo, and testimony by two technicians contradicted Mr. Barvosa's testimony. There are conflicting versions of Mr. Gallo's involvement concerning the tire incident. The evidence presented by the EEOC serves to create factual issues as to whether Mr. Gallo was treated differently from other managers. The manager involved in a similar tire incident in Stockton was not disciplined as Mr. Gallo was, nor could Defendant, when requested, produce a single record of another TLE manager disciplined as Mr. Gallo was based on the actions of a subordinate. These factual issues preclude summary judgment. *See* Transcript, at 33:9-36:13 and 55:10-56:13.

   **D.** Issue No. 4: Second Cause of Action (for Retaliation in violation of the Americans with Disabilities Act ("ADA")) against Defendant: Plaintiff and Gallo's claim fails as a matter of law because Plaintiff cannot establish a causal link between Plaintiff's alleged request for a parking accommodation and his termination.

  The Court GRANTS summary adjudication to Defendant on Issue No. 4 for the same reasons for granting summary adjudication on Issue No 1. Specifically, the Court finds that Plaintiff failed to present sufficient and specific evidence to create a genuine issue of fact that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6 Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

there is a causal link between Mr. Gallo's alleged request for parking as a reasonable accommodation and his termination, primarily because of the lack of evidence on the failure to provide parking as a reasonable accommodation. The evidence proffered by the EEOC, in the form of witness statements contained in the interviewer notes, is not admissible and, therefore, cannot be used to create a genuine issue of fact. *See* Transcript, at 56:14-57:8.

    E.    <u>Issue No. 5: Second Cause of Action (for Retaliation in violation of the Americans with Disabilities Act ("ADA")) against Defendant: Summary adjudication is denied because Plaintiff can establish a causal link between Plaintiff filing a charge of discrimination with the EEOC and his termination.</u>

The Court DENIES summary adjudication to Defendant on Issue No. 5. The Court finds that, taking the evidence presented on this issue in the light most favorable to the EEOC – as the Court must do at the summary judgment stage -- the EEOC has presented sufficient evidence to create a genuine issue of fact regarding whether a causal link exists between Mr. Gallo's filing of the EEOC Charge of Discrimination and his termination. Specifically, the evidence presented by the EEOC, and specifically the testimony of Eduardo Barvosa, is enough to create a factual issue as to whether Defendant's managers (Eduardo Barvosa and George Allen) were aware of Mr. Gallo's EEOC Charge before deciding to terminate his employment. The Court finds that, although Mr. Gallo filed his EEOC Charge in September 2008, he did not return to work until November 2008, and thus there was a six-month period between the date on which he returned to work and the date of his termination. The Court is not persuaded that this period is so lengthy, as a matter of law, to negate the possibility of a causal link between Mr. Gallo's EEOC Charge and his termination. As the Ninth Circuit has held, "A specified time period cannot be mechanically applied in these situations. A rule that any period over a certain period of time is, *per se*, too long would be unrealistically simplistic." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 895 (9th Cir. 2005) quoting *Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003). *See* Transcript, at 57:9-60:13.

///

///

///

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

7    Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

F. **Issue No. 6: Second Cause of Action (for Retaliation in violation of the Americans with Disabilities Act ("ADA")) against Defendant: Summary adjudication is denied because Plaintiff can establish Defendant's legitimate non-retaliatory reasons for its action were a pretext for retaliation.**

The Court DENIES summary adjudication on Issue No. 6 for the same reasons for denying summary adjudication on Issue No. 5. Taking the evidence in the light most favorable to the EEOC, the Court finds that the EEOC has presented sufficient evidence to raise a triable issue of fact as to whether the reasons asserted by Wal-Mart for Mr. Gallo's termination were pretextual. *See* Transcript, at 57:9-60:13.

**IT IS SO ORDERED.**

Dated: June 13, 2013

HONORABLE JOHN A. MENDEZ
U.S. DISTRICT COURT JUDGE

DB2/ 24168169.1

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

8                                    Case No. 11-CV-03327-JAM-CKD
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT