**WILLIAM R. TAMAYO, SBN 084965 (CA)**
**JONATHAN T. PECK, SB 12303 (VA)**
**MARCIA L. MITCHELL, SBN 18122 (WA)**
**DAVID F. OFFEN-BROWN, SBN 063321 (CA)**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**
**350 The Embarcadero, Suite 500**
**San Francisco, CA 94105-1260**
**Telephone: (415) 625-5652**
**Facsimile: (415) 625-5657**
**David.Offen-Brown@eeoc.gov**

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br><br>Defendant. | CASE NO. 2:11-CV-03327-JAM-CKD<br><br>**CONSENT DECREE** |

### I.   INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action pursuant to Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* (ADA), and Title I of the Civil Rights Act of 1991.  The EEOC alleged that Defendant Wal-Mart Stores, Inc. (Wal-Mart or Defendant) denied Charging Party David Gallo reasonable accommodation of his disability and discharged him because he had a disability and in retaliation for his request for and complaint about denial of a reasonable accommodation for his disability.  Wal-Mart has denied the EEOC's claims.

In the interest of resolving this matter without further litigation, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Wal-Mart (the

DB2/ 24238172.1

1

Parties) have agreed to resolve this matter by entry of this Decree. This resolution is not an admission of liability by Wal-Mart, nor is it a finding on the allegations made in the EEOC's complaint.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree.

Therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

## II.     GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action and retains jurisdiction over this Decree during its term.

2. This Consent Decree constitutes a full resolution of the EEOC's claims against Wal-Mart in this action.

3. This Consent Decree shall become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the Parties, their successors and assigns.

5. The Parties shall bear their own costs and attorney fees in this action.

## III.    GENERAL INJUNCTIVE RELIEF

Wal-Mart and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined to comply with all requirements of the Americans with Disabilities Act, including the reasonable accommodation and retaliation provisions.

## IV.    SPECIFIC INJUNCTIVE RELIEF

Defendant will, for the duration of this Consent Decree, maintain its policies which contain the following elements:

1.     **Policy Against Disability Discrimination and Reasonable Accommodation**

(i) **Prohibition against Disability Discrimination and Requirement to Provide Reasonable Accommodations**: A provision which states that discrimination because of disability is illegal and that employees must be afforded reasonable accommodations of their

DB2/ 24238172.1

2

disabilities.  A provision which states that retaliation is illegal.  A description of Respondent's internal procedures under which employees may seek reasonable accommodation of a disability.

(ii) **Designation of Complaint Contacts**: A provision which provides employees avenues for making complaints of discrimination or retaliation, including, but not limited to appropriate contact information for individuals or departments to whom complaints can be directed, whether verbally or in writing.

(iii) **Procedure for Anonymous Complaints**:  A provision that employees can make anonymous complaint of discrimination.

(iv) **Procedure for Investigating Complaints of Discrimination**:  Procedures for promptly and thoroughly investigating complaints of discrimination.

(v) **Manager Responsibility**: Manager's obligation to promptly report complaints of discrimination to the appropriate level of management for investigation.

Nothing in this Section prevents Wal-Mart from revising its policies, provided that the revised policies are consistent with the above elements or conform with any changes in the law.

**2.  Training**

Defendant will conduct one training regarding disability discrimination and reasonable accommodations, and the prohibition of retaliation, for its salaried managers working at the Placerville Store at the time of the training, in addition to the following individuals:

(i) George Allen

(ii) Jennifer Frick

(iii) Edward Barvosa

Within 14 days after the training, Defendant will provide to the EEOC with (1) a copy of the course syllabus and all other materials utilized for the training; (2) name(s) and credentials of the trainer(s) and (3) the sign-in sheets documenting attendance.

DB2/ 24238172.1

The training will be two hours.

**3. Posting and other Notices to Employees**

Defendant shall maintain the current notice, a copy of which is attached as Exhibit 1, on Wal-Mart's THE WIRE.

**V. MONETARY RELIEF**

1. Within 30 days of the effective date of the Consent Decree, and provided that counsel for Wal-Mart receives from the EEOC the following forms: (1) federal W-4, (2) federal W-9, and (3) California DE-4, Defendant shall pay to the successor of Charging Party David Gallo the amount of $ 40,000.00, less all applicable deductions and withholdings. This amount shall be allocated as follows: $20,000.00 shall be allocated as wages, for which Wal-Mart shall issue a W-2 form, and $20,000.00 shall be allocated as compensatory damages, for which Wal-Mart shall issue a 1099 form.  The amount above is to be paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit.  The check(s) will be made payable to Mr. Gallo's successor designated by the EEOC and sent to David F. Offen-Brown, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California 94105-1260.

**VI. REPORTING**

Wal-Mart's detailed reporting of accommodation requests pursuant to a settlement with the EEOC in another matter (executed by Wal-Mart December 6, 2012) satisfies the reporting needed for this Consent Decree.

**VII. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

1. The duration of this Consent Decree shall be two (2) years from the date of entry of the Decree, provided that Defendant has complied substantially with the terms of this Consent Decree.  Defendant shall be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Defendant has failed to comply with any terms of this Consent Decree.

2. This Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

3. If any provision of this Consent Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

4. Any documents or information required to be submitted by Defendant to the EEOC under the terms of this Consent Decree shall be sent to REGIONAL ATTORNEY, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California 94105-1260, or to an address later designated by the EEOC in writing sent to counsel for Wal-Mart: Adelmise R. Warner, Morgan, Lewis & Bockius LLP, One Market Street, Spear Street Tower, San Francisco, CA  94611.

Dated:  7/22/2013

By:  /s/ _____
KIM SENTOVICH
SENIOR VICE PRESIDENT
PACIFIC DIVISION
WAL-MART STORES, INC.

Dated: 7/25/2013

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WILLIAM R. TAMAYO
JONATHAN T. PECK
MARCIA L. MITCHELL
DAVID F. OFFEN-BROWN

  *//s// David F. Offen-Brown*
DAVID F. OFFEN-BROWN

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Attorneys for Plaintiff

DB2/ 24238172.1

Dated:   7/22/2013

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY
ADELMISE ROSEMÉ WARNER


By: /s/ *Adelmise Rosemé Warner*
     Eric Meckley
     Adelmise Rosemé Warner
Attorneys for Defendant Wal-Mart Stores, Inc.

**IT IS SO ORDERED.**


Dated: 7/29/2013            /s/ John A. Mendez
                            **UNITED STATES DISTRICT COURT JUDGE**

DB2/ 24238172.1